1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  ROBERT S. HENRY (State Bar No. 57285)
   Deputy Attorney General
3  300 South Spring St.
   Los Angeles, CA  90013
4  Telephone:  (213) 897-2257

5  Attorney for Respondent, Warden

6  JACK G. CAIRL (State Bar No. 105335)
   ISAACMAN, KAUFMAN & PAINTER P.C.
7  8484 Wilshire Blvd., Suite 850
   Beverly Hills, CA 90211
8  Telephone: (323) 782-7700
   Facsimile: (323) 782-7744

   MICHAEL S. MAGNUSON (State Bar No. 066680)
10 LAW OFFICES OF MICHAEL S. MAGNUSON
   13215 Penn Street, Suite 205
11 Whittier, CA 90602
   Telephone: (562) 464-1140
12 Facsimile: (562) 464-1144

13 Attorney for Petitioner-Appellee
   DOUGLAS DANIEL CLARK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS DANIEL CLARK,           ) | **CAPITAL CASE** |
|                                 ) | |
|             Petitioner,         ) | Case No.: CV 92-6567 PA |
|                                 ) | |
|                                 ) | JOINT STATUS REPORT |
|         vs.                     ) | |
|                                 ) | |
|                                 ) | |
| STEVEN ORNOSKI, Warden of San   ) | |
| Quentin State Prison,           ) | |
|                                 ) | |
|             Respondent.         ) | |
| _____ ) | |

Pursuant to the Court's Order of October 7, 2009, the Petitioner and Respondent, through their respective undersigned counsel, have met and conferred, and hereby submit the following Joint Status Report:

## INTRODUCTION

A. <u>Procedural Background</u>

Petitioner Douglas Daniel Clark ("Petitioner") is a condemned prisoner in San Quentin State Prison. In 1997, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. §2254. The case was initially assigned to the Hon. Robert M. Takasugi, and was transferred to this Court after Judge Takasugi's passing.

The operative petition in this matter concerns Petitioner's 1983 state court trial and conviction on six counts of murder with special circumstances (multiple murders) and enhancements (use of a firearm); one count of mutilation of human remains; one count of attempted murder with enhancements (intentional infliction of great bodily harm, use of weapon); and one count of mayhem with enhancements (use of weapon). Petitioner was sentenced to death on March 16, 1983.

Nine years later on July 30, 1992, the California Supreme Court issued a ruling upon Petitioner's direct appeal. The State Supreme Court affirmed Petitioner's convictions on the six counts of first degree murder with the special circumstances, and on the convictions for mutilation of human remains. The court reversed Petitioner's convictions for attempted murder and mayhem. (*See* 3 Cal. 4th 41, 10 Cal. Rptr. 2d 640 (1992)).

Although the State Public Defender's Office filed an appeal of Petitioner's convictions, the Office never filed a State habeas petition on behalf of Petitioner. The State Public Defender declared it had a conflict of interest when Petitioner filed a lawsuit against his attorneys. Nevertheless, during the nine years prior to the resolution of his direct appeal, Petitioner filed with the California Supreme Court various requests and petitions. On March 2, 1989, the State Supreme Court *sua sponte* ruled that these requests and petitions constituted petitions for writs of state habeas corpus, and denied all of the requests and petitions.

Petitioner originally filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in the Central District of California on April 2, 1997. On September 29, 2000, this Court

2

1  (Hon. Robert M. Takasugi) issued an order finding several of the claims in the petition
2  unexhausted, and ordered these proceedings held in abeyance while Petitioner exhausted
3  state court remedies. On November 1, 2000, Petitioner filed an amended petition in this
4  Court containing only unexhausted claims.

5  On April 14, 2003 and November 19, 2003, Petitioner filed in the California
6  Supreme Court habeas corpus petitions containing the unexhausted claims. On
7  November 25, 2003, the California Supreme Court denied the petitions in their entirety.
8  The case then came back to this Court as a fully exhausted federal habeas petition, which
9  was filed herein on June 22, 2004.

10  B. Current Procedural Posture Regarding Petitioner's Competency

11  In an Order dated February 8, 2006, Judge Robert M. Takasugi *sua sponte* ordered
12  discovery and an evidentiary hearing on the issue of whether Petitioner was competent to
13  assist counsel in the prosecution of his habeas petition under the standards set forth in
14  *Rohan ex rel. Gates v. Woodford*, 334 F.3d 833 (9th Cir. 2003). (Docket No. 290.) In
15  *Rohan*, the Ninth Circuit ruled that a federal habeas petitioner was not competent to
16  prosecute his case, and that the case should therefore be stayed until the petitioner was
17  found competent. Specifically, the Ninth Circuit in *Rohan* determined that a condemned
18  prisoner "has a statutory right to competence in his federal habeas proceedings." 334 F.3d
19  at 817. The "relevant question" in determining competence in the federal habeas context
20  is "whether [the Petitioner] now has the capacity to understand his position and to
21  communicate rationally with counsel." *Id.* at 819.

22  After Judge Takasugi's 2/8/06 Order, and after Respondent filed an Answer to the
23  operative Petition and Petitioner filed a Traverse, the Respondent brought a motion to
24  abate the 2/8/06 Order on the ground *Rohan* was not good law, and in the alternative, to
25  appoint independent counsel for the Petitioner on the ground that Petitioner's contention
26  that he was not incompetent created a conflict with Petitioner's counsel. Judge Takasugi
27  denied both motions in an Order dated October 6, 2006. Judge Takasugi further ordered
28  the parties "to *immediately* begin discovery into Petitioner's mental status." (10/6/06

Order, emphasis in original.)

Accordingly, the parties engaged expert psychiatrists and psychologists who proceeded to interview and test the Petitioner. Petitioner's experts were psychiatrist Fred Rosenthal, M.D., Ph.D. and neuro-psychologist Myla Young, Ph.D. Respondent's experts were psychiatrist Park Dietz, M.D., Ph.D., and neuro-psychologist Daniel Martell, Ph.D.

These experts prepared written reports which were exchanged by counsel, and counsel then took the depositions of each of these experts. At present, it appears that all expert discovery has been completed on the competency issue.

It should be noted, however, that Petitioner plans to submit percipient witness declarations to this Court from Petitioner's former counsel regarding their difficulties communicating with Petitioner during the appeal, state habeas and federal habeas proceedings. It is possible that Respondent will seek to take the depositions of these attorneys after the declarations are submitted.

On October 7, 2009, this Court issued a minute order stating:

> This matter has been transferred to this Court. It appears that the matter is ready either for further briefing on Petitioner's mental status or for entry of a stipulation requesting the placement of the case into abeyance under *Rohan ex rel Gates v. Woodford*.
>
> Accordingly, the Court directs the parties to meet and confer and file a Joint Status Report no later than 10/20/2009.

### C. Petitioner's Demand to Proceed *in Propria Persona*

Petitioner has communicated to his counsel that he wishes to proceed *in propria persona* in his habeas proceeding, and has asked counsel to inform this Court of that fact. Petitioner has further demanded that he personally be allowed to present testimony to the Court during the competency proceeding.

4

## OVERVIEW OF THE PARTIES' POSITIONS
## REGARDING PETITIONER'S COMPETENCY

A. <u>Petitioner's Position</u>

Petitioner's counsel believe Mr. Clark is presently incompetent to prosecute his habeas petition because he suffers from mental impairments that prevent him from communicating rationally with his counsel, and focusing on responding to counsel's questions. Instead, Petitioner invariably embarks on a long-winded, rambling and disjointed digression using pressured speech and rapid fire meandering assertions of unprovable facts. Petitioner's counsel have never been able to get Petitioner to focus on aspects of his habeas case that counsel consider paramount, such as the penalty phase evidence and the ineffectiveness assistance of counsel claims relating to the mental health testimony. Petitioner's mental health impairments have been diagnosed and described by petitioner's experts in their reports and depositions. It should be noted that Mr. Clark does not accept the possibility that he has any mental problems.

B. <u>Respondent's Position</u>

It is Respondent's position that although Petitioner is egotistical and conceited and demands that the litigation be conducted in a manner satisfactory to his own dictates, Petitioner does not lack the *ability to cooperate with counsel*, but instead only lacks the *willingness* to cooperate with any counsel that does not follow his instructions to the letter. It is Respondent's position, therefore, that Petitioner's inflexibility does not constitute adequate grounds under *Rohan ex rel. Gates v. Woodford* to have Petitioner declared incompetent to assist his counsel in the prosecution of his habeas corpus petition.

## PRESENT PROCEDURAL DISPUTE

At present, counsel for the parties cannot agree upon the procedures for conducting the competency hearing. In summary, counsel for Respondent seek to have an evidentiary hearing where all direct testimony and cross-examination will occur in open court. Counsel for Respondent conducted the expert depositions on the premise that there would

1  be an evidentiary hearing in open court.  This meant that in conducting the deposition of
2  Petitioner's experts, Drs. Rosenthal and Young, Respondent did not attempt to challenge
3  or contradict assertions made by them but only attempted to discover as much information
4  about their positions as possible for later cross-examination in open court.  Respondent
5  therefore asserts that to now deny Respondent the right to a hearing in open court
6  effectively works to eliminate any opportunity for Respondent to cross-examine
7  Petitioner's experts.  Respondent also takes the position that by not having cross-
8  examination in open court, this Court will be deprived of an adequate opportunity to
9  receive the crucial and necessary information upon which this Court will base its crucial
10 decision.

11      It is Petitioner's position that a complete "mini trial" on the competency issues does
12 not seem an efficient use of judicial resources and public funds.  Moreover, counsel for
13 Petitioner conducted their depositions of Respondent's experts in a manner similar to that
14 of Respondent's counsel and do not have a concern about losing cross-examination
15 opportunities.  Counsel for Petitioner prefer that the hearing be upon written submissions,
16 where each side submits declarations of witnesses as direct testimony, and then these
17 submissions could be challenged by references to the expert's reports, deposition
18 testimony, and other evidence.  Later, if this Court finds that open court testimony is
19 necessary to resolve factual disputes, then this Court can order such testimony on specific
20 issues.

21      As to the option in this Court's order that the parties enter into a stipulation to hold
22 the case in abeyance under *Rohan*, neither party is confident that the parties have the legal
23 ability to stipulate to this issue and, in any event, Respondent is adamantly opposed to
24 entering into any such stipulation.

25      THEREFORE, the parties request that this Court resolve the procedural dispute
26 noted above.  Respondent requests an in-court hearing so the parties can have a full airing
27 of their respective positions and respond to any questions from the court.
28

1 | DATED: October 19, 2009.  JACK G. CAIRL
                              MICHAEL S. MAGNUSON

2

3
                              By: __/s/ Jack G. Cairl_____
4                                 JACK G. CAIRL,
                                  Attorneys for Petitioner
5

6

7 | DATED: October 19, 2009   EDMUND G. BROWN JR.,
                              Attorney General of the State of California
8                             ROBERT HENRY,
                              Deputy Attorney General of the State of California
9

10
                              By:__/s/ Robert Henry_____
11                                ROBERT HENRY,
                                  Attorney for Respondent
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28