JACK G. CAIRL (State Bar No. 105335)
LAW OFFICES OF JACK G. CAIRL, APC
30 W. Valley Blvd., Ste. 202
Alhambra, California 91801
(626) 872-0461 Telephone
(626) 872-0338 Facsimile
Cairl@ikplaw.com

MICHAEL S. MAGNUSON (State Bar No. 066680)
LAW OFFICES OF MICHAEL S. MAGNUSON
13215 Penn Street, Suite 205
Whittier, California 90602
(562) 464-1140 Telephone
(562) 464-1144 Facsimile
Mike@magnusonlaw.com

Attorneys for Petitioner
DOUGLAS DANIEL CLARK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS DANIEL CLARK, | **CAPITAL CASE** |
| Petitioner, | **Case No.: CV 92-6567 PA** |
| v. | |
| RON DAVIS, Warden of San Quentin State Prison, | **PETITIONER'S BRIEF RE APPLICABILITY OF AEDPA** |
| Respondent. | |

Pursuant to this Court's July 28, 2015 Order Directing the Parties to Brief the Applicability of the AEDPA to the Petition (the "Order"), Petitioner Douglas Daniel Clark ("Petitioner" or "Mr. Clark")) hereby submits the following brief:

**PETITIONER'S BRIEF RE APPLICABILITY OF AEDPA**

**A. Legal Standard**

In *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997) the United States Supreme Court held that the amendments made to 28 U. S. C., ch. 153, by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "apply only to cases filed after the Act became effective," *i.e.*, April 24, 1996. In applying *Lindh*, the Supreme Court reasoned in *Woodford v. Garceau*, 538 U.S. 202, 207 (2003), that "whether AEDPA applies to a state prisoner turns on what was before a federal court on the date AEDPA became effective." The Court therefore ruled that:

> If, on [April 24, 1996] the state prisoner had before a federal court <u>an application for habeas relief seeking an adjudication on the merits of the petitioner's claims</u>, then amended § 2254(d) does <u>not</u> apply. Otherwise, an application filed after AEDPA's effective date should be reviewed under AEDPA, even if other filings by that same applicant-such as, for example, a request for the appointment of counsel or a motion for a stay of execution-were presented to a federal court prior to AEDPA's effective date.

*Id.,* 538 U.S. at 210 (emphasis added), *followed by Stankewitz v. Woodford*, 365 F.3d 706, 712-13 (9th Cir. 2004).

In *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005), the Supreme Court clarified the terminology used in *Garceau*, stating that "an application for habeas relief is a filing that contains one or more 'claims'", and that a "claim" is "<u>an

asserted federal basis for relief from a state court's judgment of conviction.") (emphasis added).

Thus, if a state prisoner merely *asserts* in federal court a federal basis for relief from a state court's conviction, the prisoner has made a habeas "claim." Further, if this claim is made before the effective date of AEDPA, then AEDPA does not apply to the state prisoner's habeas proceeding.

### B. Petitioner's 1992 *Pro Se* Petition Was Before this Court as of AEDPA's Effective Date

On October 23, 1992, well before AEDPA's effective date, Mr. Clark lodged with this Court a document entitled "Writ of Habeas Corpus, From a State Capital Trial and Appellate Process" (hereinafter, the "1992 Petition"), a copy of which is attached as Exhibit 1 to the Declaration of Michael S. Magnuson ("Magnuson Decl.") filed concurrently herewith. Mr. Clark identified himself as a "Pro Se Petitioner" in the caption of the 1992 Petition, and this Court accepted the 1992 Petition for filing on November 3, 1992.

On November 19, 1992, Respondent sought a dismissal of the 1992 Petition by filing a "Motion to Dismiss Petition for Writ of Habeas Corpus." (Magnuson Decl., Ex. 2). In an Order dated December 8, 1992, this Court (the late Hon. Robert M. Takasugi) ordered a stay of the instant action and in an Order dated December 23, 1992, took Respondent's motion to dismiss off calendar. (Magnuson Decl., Exs. 3 and 4). The 1992 Petition remained on file in this case, and was subsumed in the Petition for Writ of Habeas Corpus filed by Petitioner's predecessor counsel on April 23, 1997 (Docket # 150). The 1997 Petition alleged claims under *Faretta* and for ineffective assistance of counsel, which claims were contained in the 1992 Petition. These include the first claim for relief - ineffective assistance of appellate counsel; third, fourth, and sixth claim for relief – violations

of the right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975); and the seventh claim for relief – ineffective assistance of trial counsel.

### C. The 1992 Petition Constituted An "Application for Habeas Relief" Pursuant to *Woodford v. Garceau*

Consistent with Petitioner's impaired mental condition and incompetency as described in previous filings, in the 1992 *Pro Se* Petition Mr. Clark makes numerous statements and accusations against his then current counsel with the State Public Defender's Office and against the California Supreme Court, the California Attorney General, Mr. Clark's former trial counsel, and the Hon. Spencer Letts (who presided over Case no. CV 91-3608 – Mr. Clark's previously filed federal habeas petition for relief under *Coe v. Thurman*, 922 F.2d 528 (9th Cir. 1991) for undue delay in state proceedings).

The 1992 Petition begins by stating that Petitioner's state appellate counsel (State Public Defender's Office ("SPD") under State Public Defender Fern Laethem) was appointed by the State's executive branch and thus was in a conflict of interest in representing Petitioner. This conflict allegedly resulted in the SPD's failure to conduct investigations into "highly time-perishable investigation of writ of habeas corpus issues," despite Petitioner's urgings. (1992 Petition, pp. 1:20-2:14; capitalizations omitted) The SPD further allegedly delayed Petitioner's automatic appeal to the California Supreme Court, and then filed an opening brief that waived "major constitutional issues" (*Id*., p.3:3-6), and failed to raise "[s]cores of state writ issues to be presented and subsequently 'exhausted'." (*Id*. at 4:9-11) The 1992 Petition goes on to assert that Mr. Clark's federal claims are *de facto* "exhausted" by the SPD's refusal to investigate underlying facts and interfering with Mr. Clark's right to present his habeas claims, which effectively denied him a state habeas remedy. (*Id*. at 5:14-20; 6:20-7:11) (The doctrine that undue delay of

state appellate proceedings constitutes an effective exhaustion of habeas remedies was invoked in *Coe v. Thurman*, *supra*.)

While Mr. Clark's language is intemperate and caustic, it is true that – as alleged in Petitioner's current Amended Federal Habeas Petition ("FAP") – the SPD never did file a State Habeas Petition on behalf of Mr. Clark; an almost unheard of omission in capital defense practice. (*See* FAP Claim 16).

After arguing that Mr. Clark's habeas claims have in fact been exhausted, the 1992 Petition sets forth some of Petitioner's claims under the heading "The Writ Issues." First, Petitioner seeks counsel for investigation, and then refers to the State's "comical scheme where the prosecution controls all counsel in this matter" (*Id*. at 7:14-20; 6:20-7:11). Mr. Clark then asserts that "one set of immense and heretofore never properly briefed issues include the horrendous litany of abuse of Petitioner's *Faretta* [*v. California*, 422 U.S. 806 (1975)] rights by the trial court." (1992 Petition at 7:26-28). Petitioner asserts that the trial court denied Petitioner those rights through "blatant judicial misconduct" which "<u>will surely cause a reversal at the federal level, and thus should be heard POST HASTE</u>." (*Id*. at 8:24-11; underline added, capitalizations in original).

The 1992 Petition further sets forth Petitioner's claims for ineffective assistance of counsel at the trial and appellate level under the heading "Counsel." Petitioner asserts that his counsel has been unaware of decisions like "*Farretta* [sic]*, Gideon, and Miranda*" and thus failed to investigate them at the trial level, and failed to assert them at the appellate level. (*Id*. at 8:24-9:16)

Thus, particularly in light of the general rule of giving liberal construction to *pro se* litigants when remedial statues and constitutional rights are applicable (*see e.g. Peyton v. Rowe*, 391 U.S. 54, 64-65 (1968)(habeas corpus); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988)(42 U.S.C. § 1983

action), the 1992 Petition asserts *Garceau* "claims" for relief for ineffective assistance of counsel and under *Faretta v. California*, 422 U.S. 806 (1975).

These claims still exist in the current FAP. Specifically, the FAP's Claims One, Two, and Three are based upon the trial court's denial of Petitioner's right of self-representation under *Faretta*. Further, Petitioner's Eight Claim for Relief is based upon ineffective assistance of Mr. Clark's trial counsel; Claim 16 seeks relief based upon ineffective assistance of appellate counsel, including the acts and omissions of the State Public Defender's Office, which failed to file a State writ of habeas corpus and led to a long delay; and the Seventeenth Claim for Relief is based upon the conflicts of interest of the State Public Defender's Office and the California judiciary.

It is therefore clear that, while the 1992 Petition included a request for appointment of counsel, it also contained federal "claims" under the standard set forth in *Garceau* and *Gonzalez*. Since the 1992 Petition was before this Court on the effective date of AEDPA, the instant proceeding is not governed by AEDPA.

Respectfully submitted,

Dated: August 12, 2015        _____/s/_____
                                                    JACK G. CAIRL
                                                    Attorney for Petitioner
                                                    DOUGLAS DANIEL CLARK


_____/s/_____
MICHAEL S. MAGNUSON
Attorney for Petitioner
DOUGLAS DANIEL CLARK